UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-923 |
| | § | |
| CEASAR ISIDRO-CARLOS; aka GARCIA-SARABIA | § | |
| | § | |

## ORDER DENYING MOTION FOR IMMEDIATE DEPORTATION

Pending before the Court is Defendant Cesar Isidro-Carlos' (Isidro-Carlos) Request for Relief And/Or Immediate Release/Deportation, received by the Clerk on November 1, 2013. D.E. 27. In his motion, he requests that the Court issue an order requiring that he be deported immediately. For the following reasons, the Court denies the motion.

Isidro-Carlos pleaded guilty to Illegal Reentry and this Court sentenced him to 30 months in the Bureau of Prisons on February 27, 2013. D.E. 25.

Isidro-Carlos requests immediate deportation pursuant to 8 U.S.C. § 1252(h). There is no subsection (h) in the statute.

The Attorney General has some discretion to remove an alien before his sentence is completed, under limited specified circumstances. 8 U.S.C. § 1231(a)(4)(A). Specifically, the Attorney General may remove a federal prisoner prior to completion of his sentence if he is "confined pursuant to a final conviction for a nonviolent offense (other than an offense related to smuggling or harboring of aliens or an offense described in section 1101(a)(43)(B), (C), (E), (I), or (L) of this title)" and "removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1231(a)(4)(B)(i). Under the pertinent statutory scheme, then, the Attorney General has some limited authority and the discretion to order deportation before the completion of the alien's sentence.

Because the decision to seek early deportation under the permissible statutory circumstances lies  exclusively with the Attorney General, and because there is no private right of action under the statute,[1] this Court must deny Isidro-Carlos' motion. See, e.g., Martinez-Lopez, 254 F.3d 70 at *1 (5th Cir., Apr. 23, 2001) (per curiam) (designated unpublished) (affirming district court's denial  of motion for immediate deportation); United States v. Marin-Castaneda, 134 F.3d 551, 556 (3d Cir.1998) (criminal alien was without standing to enforce 8 U.S.C. § 1231(a)(4)(B)); Thye v. United States, 109 F.3d 127, 128-29 (2d Cir. 1997) (per curiam) (affirming district court's denial of request for early deportation and holding that no private right of action exists to seek early deportation); United States v. Aispuro, 127 F.3d 1133, 1134 (9th Cir. 1997) (a convicted alien has no private right of action to compel the attorney general to deport him); see also Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997) (addressing duty to deport an alien once his criminal sentence has been served).

For the foregoing reasons, Isidro-Carlos' motion (D.E. 27) is denied.

SIGNED and ORDERED this 4th day of November, 2013.

_____
Janis Graham Jack
Senior United States District Judge

---

[1]   The statute also expressly states that it does not provide a private cause of action:
(D) No private right
>       No cause or claim may be asserted under this paragraph against
>       any official of the United States or of any State to
>       compel the release, removal, or consideration for release or
>       removal of any alien.
8 U.S.C. § 1231(a)(4)(D).